## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **DONALD L. LOGAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 11-2110-KHV** |
| **UNIVERSITY OF KANSAS HOSPITAL** | ) | |
| **AUTHORITY et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

Donald L. Logan brings suit against the University of Kansas Hospital Authority and Aramark Management Services Limited Partnership ("Aramark") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e, et seq., for employment discrimination on the basis of gender and for retaliation. This matter is before the Court on Aramark's Motion To Dismiss (Doc. #10) filed October 21, 2011. Aramark moves to dismiss plaintiff's complaint because (1) plaintiff has failed to exhaust mandatory administrative remedies as required by Title VII and (2) plaintiff has not alleged facts to establish that he had an employment relationship with Aramark. For the following reasons, the Court sustains the motion.

### Legal Standards

In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face. Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 129 S. Ct. at 1950.

The Court need not accept as true those allegations which state only legal conclusions. See id.; Hall v. Bellmon, 935 F.3d 1106, 1110 (10th Cir. 1991).  Plaintiff bears the burden of framing his complaint with enough factual matter to suggest that he is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements. Twombly, 550 U.S. at 556.  Plaintiff makes a facially plausible claim when he pleads factual content from which the Court can reasonably infer that defendants are liable for the misconduct alleged. Iqbal, 129 S. Ct. at 1949.  Plaintiff must show more than a sheer possibility that defendants have acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendants' liability. Id. (quoting Twombly, 550 U.S. at 557).  A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Iqbal, 129 S. Ct. 1949.  Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not "shown" – that the pleader is entitled to relief. Id. at 1950.  The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232-33 (3d Cir. 2008)).

**Factual and Procedural Background**

The pro se complaint alleges the following facts:

The University of Kansas Hospital Authority has employed plaintiff since February 1, 2006. Plaintiff currently holds the position of Service Utility Worker.  From May 9, 2006, to June 26, 2008, he was subjected to multiple verbal and written reprimands.  From October 3, 2006, to at least November of 2008, he was subjected to disparate treatment compared to similarly situated non-African American female employees, including being given additional and more difficult job duties,

2

having his work more closely scrutinized and having his actions more closely monitored.  Plaintiff lists four specific instances: (1) on December 29, 2006, he was sent home and placed on administrative leave; (2) on December 31, 2007, he was subjected to verbal abuse by a female co-worker; (3) on January 10, 2008, he was suspended; and (4) on March 21, 2008, he was denied time off.  Doc. #1-1 pp. 1-2.

On March 24, 2008, plaintiff complained to management that he was being retaliated against "for having assisted in the proceedings under the Kansas Act Against Discrimination."  Doc. #1-1 p. 1.  Apparently plaintiff testified on behalf of a fellow employee who had alleged workplace discrimination.  Doc. #1 ¶ 10.

Plaintiff also asserts that contrary to hospital policy, Wallace R. Dale supervises several of his own relatives.  As a result, those employees receive preferential treatment over plaintiff.  Id.

In his request for relief, plaintiff seeks monetary damages, costs and fees, and "to have his work record cleared."  Id. p. 4.

Plaintiff filed a charge of discrimination against the University of Kansas Medical Center[1] and its representatives with both the Kansas State Commission on Human Rights and the EEOC.  The Kansas Commission denied his charge,[2] and the EEOC adopted those findings and issued a notice of right-to-sue.  Doc. #1-1 p. 3.

## Analysis

On October 21, 2011, Aramark moved to dismiss plaintiff's complaint for failure to state a

---

[1]      In his charge of discrimination, plaintiff named a different entity than the defendant in this case.  In the charge, plaintiff named the University of Kansas Medical Center.  The complaint, however, sues the University of Kansas Hospital Authority.  In its answer, the University of Kansas Hospital Authority denies that plaintiff filed charges of discrimination against it and asserts that plaintiff has failed to exhaust administrative remedies.  Doc. #12 ¶¶ 4, 5.

[2]      Plaintiff did not attach the findings of the Kansas State Commission on Human Rights  to his complaint, and thus the Court does not know the basis of its denial of plaintiff's charge.

claim.  Under D. Kan. R. 6.1(d)(2), plaintiff was required to file and serve his response within 21 days, which would have fallen on November 11, 2011.  As that date was a legal holiday, plaintiff's response was due November 14, 2011.  See Fed. R. Civ. P. 6(a)(3), (a)(4)(A).  Plaintiff has not responded to Aramark's motion.  Under D. Kan. Rule 7.4(b), "[a]bsent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum."  In addition, if a party fails to timely respond to a motion, the Court will treat the motion as uncontested and will ordinarily grant the motion without further notice. D. Kan. Rule 7.4(b).

Pro se litigants must follow the same procedural rules as litigants who are represented by counsel. See Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).  Because plaintiff proceeds pro se, the Court construes his complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court does not, however, assume the role of advocate for a pro se litigant.
Id.

For this reason and substantially the reasons stated in Defendant Aramark's Memorandum Supporting Its Motion To Dismiss (Doc. #11) filed October 21, 2011, the Court sustains defendant Aramark's motion. Specifically, plaintiff's complaint alleges no facts which could establish that he and Aramark had an employment relationship, as Title VII requires.  See Fed. R. Civ. P. 12(b)(6); Iqbal, 129 S. Ct. at 1949–50; Twombly, 550 U.S. at 555–56 (2007).

**IT IS THEREFORE ORDERED** that the Motion To Dismiss (Doc. #10) which Aramark filed October 21, 2011, be and hereby is **SUSTAINED**.

Dated this 6th day of March, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

4